UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CIVIL ACTION NO. 3:23-CV-00305-GNS-CHL

TAMARA ERNSTER                                                                PLAINTIFF

v.

CITY OF MT. WASHINGTON, KENTUCKY, et al.                     DEFENDANTS

**<u>MEMORANDUM OPINION AND ORDER</u>**

This matter is before the Court on Plaintiff's Motions in Limine (DN 51) and Defendants' Motions in Limine (DN 50).  These motions are ripe for adjudication.

## I.    **<u>BACKGROUND</u>**

When Plaintiff Tamara Ernster ("Ernster") sought medical care for an allergic reaction, she was detained by police due to concerns about her mental health.  (Am. Compl. ¶ 49, DN 6; *see* Mem. Op. & Order, DN 41).  Ernster sued Defendant Mark Batson ("Batson"), a sergeant with the Mt. Washington Police Department, and Defendant City of Mt. Washington ("Mt. Washington") (jointly, "Defendants") for the use of unreasonable force under Section 1983 and assault and battery under state law.  (Am. Compl. ¶¶ 5, 73-79, 89-96).[1]  Ernster alleges that Batson pushed her into a wall and kicked her before handcuffing her and placing her in the back of a police car, even though she was compliant.  (Am. Compl. ¶ 57).  The parties have filed motions in limine regarding potential evidence at trial, which is set to begin on June 2, 2026.  (Pl.'s Mots. Lim., DN 51; Defs.' Mots. Lim. DN 50; Order, DN 43).

---

[1] Ernster brought additional claims against Batson, Mt. Washington, and other defendants.  (*See* Am. Compl.).  These other claims have since been dismissed.  (Agreed Order, DN 15; Mem. Op. & Order, DN 41).

1

## II.    JURISDICTION

The Court has jurisdiction over this matter based upon federal question jurisdiction. *See* 28 U.S.C. § 1331. The Court also has supplemental jurisdiction over the pendent state-law claims. *See* 28 U.S.C. § 1367.

## III.    STANDARD OF REVIEW

"A motion in limine is 'any motion, whether made before or during trial, to exclude anticipated prejudicial evidence before the evidence is actually offered.'" *Louzon v. Ford Motor Co.*, 718 F.3d 556, 561 (6th Cir. 2013) (quoting *Luce v. United States*, 469 U.S. 38, 40 (1984)). The purpose of a motion in limine is to "narrow the evidentiary issues for trial and to eliminate unnecessary trial interruptions." *Id.* (quoting *Bradley v. Pittsburgh Bd. of Educ.*, 913 F.2d 1064, 1069 (3d Cir. 1990)).  "It is often difficult to resolve evidentiary objections outside the context of trial, and Courts will exclude evidence on a motion in limine only when the challenged evidence is clearly inadmissible." *Lotz v. Steak N Shake, Inc.*, No. 5:19-277-DCR, 2021 WL 2270353, at *1 (E.D. Ky. June 3, 2021) (citations omitted).  "Unless the evidence meets this high standard, 'rulings should be deferred until trial so that questions of foundation, relevancy and potential prejudice may be resolved in proper context.'" *Gresh v. Waste Servs. of Am., Inc.*, 738 F. Supp. 2d 702, 706 (E.D. Ky. 2010) (quoting *Ind. Ins. Co. v. Gen. Elec. Co.*, 326 F. Supp. 2d 844, 846 (N.D. Ohio 2004)).  Rulings on motions in limine are preliminary and entirely based on the discretion of the district court, which can later change its rulings. *United States v. Yannott*, 42 F.3d 999, 1007 (6th Cir. 1994).

## IV.    DISCUSSION

### A.    Plaintiff's Motions in Limine (DN 51)

#### 1.    *Ernster's Financial Condition*

Ernster moves to exclude evidence of her financial circumstances as irrelevant.  (Pl.'s Mots. Lim. 2-3).  Defendants respond that they do not intend to intend to introduce such evidence unless Ernster opens the door or it becomes relevant for impeachment, so Ernster's motion is granted on that basis.  (Defs.' Resp. Pl.'s Mots. Lim. 1, DN 52).

#### 2.    *Ernster's Relationship with Jim Craig*

Ernster requests that Batson be prevented from presenting evidence of her "non-professional" relationship with an attorney named Jim Craig ("Craig") under Fed. R. Evid. 401 and 403.  (Pl.'s Mots. Lim. 3).  Defendants intend to call Craig as a witness and introduce an email that Craig sent, purporting to represent Ernster, as evidence of prior inconsistent statements, so they assert that the nature of Ernster's relationship with Craig may become relevant.  (Defs.' Resp. Pl.'s Mots. Lim. 1-2).  Because the relevance of Ernster and Craig's relationship will be clearer at trial, the Court declines at this juncture to exclude evidence regarding the relationship. Accordingly, Ernster's motion in limine is denied.

#### 3.    *Batson's Bad Acts*

Ernster asks the Court to permit her to introduce evidence relating to a separate lawsuit against Batson based on another claim that he used excessive force when he employed a choke hold during an arrest.  (Pl.'s Mots. Lim. 3-4).  Defendants separately move to exclude Batson's prior bad acts pursuant to Fed. R. Evid. 404(b).  (Defs.' Resp. Pl.'s Mots. Lim. 2; *see* Defs.' Mot. Lim. 7).

The Sixth Circuit has established a three-step process for determining the admissibility of evidence of other acts under Rule 404(b). *United States v. Haywood*, 280 F.3d 715, 719-20 (6th Cir. 2002) (citing *United States v. Gessa*, 971 F.2d 1257, 1261-62 (6th Cir. 1992) (en banc)). First, the district court must "decide whether there is sufficient evidence that the other act in question actually occurred." *Id.* at 720 (citing *Gessa*, 971 F.2d at 1261). To do so, the court asks whether "the jury can reasonably conclude that the act occurred and that the defendant was the actor." *Huddleston v. United States*, 485 U.S. 681, 689 (1988) (citation omitted). "This standard 'is not particularly rigorous.'" *United States v. Mize*, 498 F. Supp. 3d 978, 982 (S.D. Ohio 2020) (quoting *United States v. Taylor*, No. 09-43-ART, 2010 WL 3620235, at *2 (E.D. Ky. Sep. 9, 2010)).

Second, the district court must decide whether the evidence of the other act is "probative of a material issue other than character." *Id.* (citing *United States v. Carney*, 387 F.3d 436, 451 (6th Cir. 2004)). "[E]vidence of other acts is probative of a material issue other than character if (1) the evidence is offered for an admissible purpose, (2) the purpose for which the evidence is offered is material or 'in issue,' and (3) the evidence is probative with regard to the purpose for which it is offered." *United States v. Adams*, 722 F.3d 788, 810 (6th Cir. 2013) (citing *United States v. Jenkins*, 345 F.3d 928, 937 (6th Cir. 2003)). Regarding admissibility, Fed. R. Evid. 404(b) provides that evidence of other acts is "not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." Fed. R. Evid. 404(b)(1). Such evidence, however, may be admissible for other purposes, including proof of intent. Fed. R. Evid. 404(b)(2). If that other purpose relates to the basis of a defense or an element of the claim, for example, then it may be material. *See Simmons v. Napier*, 626 F. App'x 129, 135-36 (6th Cir. 2015). Finally, to determine if the evidence is probative of the other purpose, "we look to whether the evidence relates to conduct that is 'substantially similar and reasonably

4

near in time' to the specific . . . offense at issue." *United States v. Hardy*, 643 F.3d 143, 151 (6th Cir. 2011) (quoting *Haywood*, 280 F.3d at 721).

Third, "the district court must decide whether the 'probative value of the evidence is substantially outweighed by its potential prejudicial effect.'" *Haywood*, 280 F.3d at 720 (citing *Johnson*, 27 F.3d at 1190). Prejudicial effects may include "unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403. "[U]nfair prejudice does not mean the damage to a defendant's case that results from the legitimate probative force of the evidence; rather it refers to evidence which tends to suggest decision on an improper basis." *United States v. Ray*, 549 F. App'x 428, 434 (6th Cir. 2013) (quoting *United States v. Bonds,* 12 F.3d 540, 567 (6th Cir. 1993)).

Here, Ernster first argues there is evidence that Batson previously used excessive force because, in an opinion denying Batson's motion for summary judgment, this Court found that "a reasonable jury could conclude that Defendant Batson employed a choke hold against Plaintiff and that such force was unreasonable, given the lack of evidence (or even argument) that Plaintiff posed a threat of serious physical harm." *Miller v. Batson*, No. 3:20-CV-310-CHB-RSE, 2025 WL 2802970, at *15 (W.D. Ky. Sep. 30, 2025); (Pl.'s Mots. Lim. 3-4). Defendants argue that "[t]he denial of a dispositive motion is not evidence of prior 'bad acts'"—the case was settled and dismissed without a finding that Batson used excessive force. (Defs.' Resp. Pl.'s Mots. Lim. 2-3). A conclusive verdict, however, is not necessary to introduce evidence of prior bad acts; there must only be sufficient evidence for a reasonable jury to believe that Batson previously used excessive force, as was found by this Court.

Next, Ernster argues that she is not introducing that evidence to prove Batson's character, but as proof of his intent.  (Pl.'s Mots. Lim. 4).  Intent is a permissible "other purpose."  Fed. R. Evid. 404(b).  Intent, however, still must be in issue.  As Ernster acknowledges:

> An excessive-force claim under federal law requires the factfinder to decide whether the force the officer used was objectively reasonable in light of the totality of the circumstances confronting the officer.  *Graham v. Connor*, 490 U.S. 386, 396-97 (1989).  Because the standard is objective, the officer's actual motives in using a particular degree of force are irrelevant: "[a]n officer's evil intentions will not make a Fourth Amendment violation out of an objectively reasonable use of force; nor will an officer's good intentions make an objectively unreasonable use of force constitutional."  *Id.* at 397. So evidence tending to reveal Rodriguez's subjective state of mind is irrelevant to Helfrich's federal excessive-force claim and therefore excludable under Rule 402.

*Helfrich v. Lakeside Park Police Dep't*, 497 F. App'x 500, 507-08 (6th Cir. 2012) (footnote omitted); (*see* Pl.'s Mots. Lim. 4).  Intent is therefore irrelevant to Ernster's excessive force claim.  Ernster, however, argues that Batson's prior bad acts are admissible as proof of his intent for her state law battery claim.  (Pl.'s Mots. Lim. 4).  Indeed, intent is an "essential element" of battery, but "[t]he 'intent' required is not necessarily the intent to cause harm or even the intent to make physical contact.  Instead, substantial certainty of contact is enough."  *United Specialty Ins. Co. v. Cole's Place, Inc.*, 936 F.3d 386, 405 (6th Cir. 2019) (internal citation omitted) (citing *Graves v. Dairyland Ins. Grp.*, 538 S.W.2d 42, 44 (Ky. 1976)).  While intent is at issue, evidence relating to a prior excessive force litigation is not probative of whether there was a "substantial certainty of contact" in this instance.  Moreover, there is a significant risk of unfair prejudice, confusing the jury, and undue delay if evidence relating to Batson's prior use of force is introduced, and those concerns would substantially outweigh any probative value.  *See* Fed. R. Evid. 403.

Evidence of Batson's prior bad acts is therefore not admissible to prove intent under either of Ernster's claims.  Any arguments relating to admission of bad acts evidence for some other purpose may be raised at trial.  Ernster's motion is denied on this basis.

## B.    Defendants' Motions in Limine (DN 50)

### 1.    *Ernster's Testimony about Medical Diagnoses and Causation*

Defendants move to preclude Ernster from testifying that she was medically diagnosed with or currently "has" a psychological condition and that any mental health symptoms were caused by Defendants, unless a diagnosis and causation are established by admissible expert testimony. (Defs.' Mots. Lim. 3). Ernster agrees that she may not testify as to her diagnoses and represents that there is no dispute about her treating physician testifying regarding her PTSD and anxiety. (Pl.'s Resp. Defs.' Mots. Lim. 3, DN 54). The parties also agree that Ernster may testify regarding her symptoms as well as what caused them if causation is within a lay person's knowledge. (Pl.'s Resp. Defs.' Mots. Lim. 1-3; Defs.' Mots. Lim. 5-6). Defendants argue that the cause of Ernster's PTSD and anxiety is outside a lay person's knowledge. (Defs.' Mots. Lim. 6).

Fed. R. Evid. Rule 701 states as follows regarding non-expert opinion testimony:

> If a witness is not testifying as an expert, testimony in the form of an opinion is limited to one that is:
> (a) rationally based on the witness's perception;
> (b) helpful to clearly understanding the witness's testimony or to determining a fact in issue; and
> (c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702.

Fed. R. Evid. 701. Regarding testimony as to causation specifically:

> A plaintiff may testify as to when his or her symptoms began, and may even testify regarding causation, if that causation is within a lay person's realm of knowledge; but a plaintiff may not testify as to causation where technical or specialized testimony is necessary, such as where there are multiple possible causes of an injury or where specialized medical issues are involved.

*Williams v. Hamilton Cnty.*, No. 1:15-CV-74, 2018 WL 1586234, at *2 (E.D. Tenn. Mar. 31, 2018) (citation omitted). Because the cause of Ernster's diagnosed mental health conditions requires specialized medical knowledge, she will not be permitted to opine on causation, though she may

7

testify about her symptoms and when they began or worsened. *See id.* Defendants' motion will be granted.

### 2. *Batson's Bad Acts*

Defendants seek to exclude any evidence or inquiry into any other lawsuits, complaints, investigations, discipline, or incidents involving Batson. (Defs.' Mots. Lim. 7). As stated above, though Ernster has not yet proffered a permissible use for evidence of Batson's prior bad acts, she may be able to do so at trial. Defendants' motion is denied on this basis.

### 3. *Departmental Policies and Procedures*

Defendants request a limiting instruction in the event that evidence of police policies and procedures is offered at trial. (Defs.' Mots. Lim. 8). Ernster does not oppose this motion, so it will be granted on that basis. (Pl.'s Resp. Defs.' Mots. Lim. 6).

### 4. *Defendants' Liability Insurance*

Pursuant to Fed. R. Evid. 411, Defendant moves the Court to exclude any reference to liability insurance. (Defs.' Mots. Lim. 9). Ernster does not intend to make any such reference, so Defendants' motion will be granted on that basis. (Pl.'s Resp. Defs.' Mots. Lim. 6).

### 5. *Miscellaneous*

#### a. Golden Rule

Defendants request that Ernster be prevented from making any argument invoking "the Golden Rule" or asking the jurors to put themselves in Ernster's position. (Defs.' Mots. Lim. 9). Ernster does not oppose this motion, so it will be granted. (Pl.'s Resp. Defs.' Mots. Lim. 6).

### b.  References to Motions

Defendants ask the Court to preclude Ernster from disclosing that any motions have been made or ruled on by the Court.  (Defs.' Mots. Lim. 9).  Ernster does not oppose this motion, so it will be granted.  (Pl.'s Resp. Defs.' Mots. Lim. 6).

### c.  Failure to Call a Witness

Defendants request that Ernster be prevented from commenting on Defendants' decision to call or not call any witness during trial.  (Defs.' Mots. Lim. 9).  Ernster does not anticipate making any such comments unless Batson is not called as a witness.  (Pl.'s Resp. Defs.' Mot. Lim. 6).

If a party fails to call a witness in a civil case, the opposing party may "use this failure as the basis for invoking an adverse inference" if "the uncalled witness is peculiarly within the control of one party" and "the anticipated testimony will elucidate the transaction."  *Laukus v. Rio Brands, Inc.*, 292 F.R.D. 485, 504 (N.D. Ohio 2013) (internal quotation marks omitted) (quoting *Yuk Shau Mui v. Wing*, No. 86-3673, 1987 WL 38041, at *2-3, *6-7 (6th Cir. July 10, 1987)).  "When it would be natural under the circumstances for a party . . . to take the stand himself as a witness in a civil case, . . . and he fails to do so, tradition has allowed his adversary to use this failure as the basis for invoking an adverse inference."  *Id.* (quoting *Yuk Shau Mui*, 1987 WL 38041, at *2-3 (citation omitted)); *Baxter v. Palmigiano*, 425 U.S. 308, 318 (1976) ("[T]he Fifth Amendment does not forbid adverse inferences against parties to civil actions when they refuse to testify in response to probative evidence offered against them.").

Here, Batson is a defendant, and his testimony would clearly be helpful in determining whether he used excessive force or committed assault or battery.  Ernster would not be prohibited from commenting on Batson's failure to testify.  Ernster shall not, however, comment on the

9

absence of any witness who is not "peculiarly within the control of" Defendants and whose anticipated testimony would not "elucidate the transaction." *Laukus*, 292 F.R.D. at 504 (quoting *Yuk Shau Mui*, 1987 WL 38041, at *6-7). This motion is accordingly granted in part and denied in part.

### d.    Requests to Counsel in Front of the Jury

Defendants ask that Ernster not ask Defendants' counsel to produce documents or to stipulate or agree to anything in the presence of the jury. (Defs.' Mots. Lim. 9). Ernster agrees, so this motion is granted on this basis and no party shall be permitted to do so. (Pl.'s Resp. Defs.' Mots. Lim. 6).

### e.    Questions to Counsel in Front of Jury

Defendants request that Ernster not ask Defendants' counsel questions in the presence of the jury. (Defs.' Mots. Lim. 10). Ernster agrees, barring pleasantries that may be in the form of a question. (Pl.'s Resp. Defs.' Mots. Lim. 7). The Court expects both parties to be courteous and act professionally. If opposing counsel asks an inappropriate question to counsel in front of the jury, counsel may make an appropriate motion at that time. This motion is denied.

### f.    Publication of Unadmitted Evidence

Defendants move to prevent Ernster from publishing or otherwise showing evidence that has not yet been admitted to the jury. (Defs.' Mots. Lim. 10). Ernster agrees, so this motion will be granted on that basis. (Pl.'s Resp. Defs.' Mots. Lim. 7).

### g.    Amount Spent in Litigation

Defendants request that Ernster be precluded from referencing the amount of money Defendants may have spent to defend this lawsuit. (Defs.' Mots. Lim. 10). Ernster agrees, so the motion is granted on this basis. (Pl.'s Resp. Defs.' Mots. Lim. 6).

## V.  CONCLUSION

For the foregoing reasons, **IT IS HEREBY ORDERED** as follows:

1.  Plaintiff's Motions in Limine (DN 51) are **GRANTED IN PART** and **DENIED IN PART**.

2.  Defendants' Motions in Limine (DN 50) are **GRANTED IN PART** and **DENIED IN PART**.

**Greg N. Stivers, Judge**
**United States District Court**
May 4, 2026

cc:     counsel of record

11