FILED
JAMES J. VILT, JR. - CLERK
SEP 23 2025
U.S. DISTRICT COURT
WEST'N. DIST. KENTUCKY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CIVIL ACTION NO. 3:23-CV-00305-GNS-CHL

TAMARA ERNSTER PLAINTIFF

v.

CITY OF MT. WASHINGTON, KENTUCKY, et al. DEFENDANTS

# JURY INSTRUCTIONS

These instructions will be in three parts: (1) general rules that define and control your duties as jurors, (2) the rules of law that you must apply in deciding whether the Plaintiff has proven her claims, and (3) rules for your deliberations. These instructions accompany you to the jury room.

## GENERAL RULES CONCERNING JURY DUTY

### A. Juror's Duties

You have two main duties as jurors. First, you must decide what the facts are based on the evidence you saw and heard in court. Deciding what the facts are is your job, not mine, and nothing that I have said or done during this trial was meant to influence your decision about the facts in any way.

Your second duty is to take the law as I have described it, apply it to the facts, and decide if Plaintiff has proved her claims according to her evidentiary burden. It is my job to instruct you about the law, and you are bound by the oath you took at the beginning of trial to follow my instructions as given, even if you personally disagree with them. This includes the instructions I gave you both before and during the trial, and these instructions. All the instructions are important, and you should consider them together as a whole.



65

The lawyers may talk about the law during their arguments. But if what they say is different from what I say, you must follow what I say. What I say about the law controls.

Perform these duties fairly, and do not let any bias, sympathy, or prejudices that you may feel toward one side or the other influence your decision in any way.

**B. Evidence**

You must make your decision based only on the evidence you saw and heard in court. The evidence in this case includes only what the witnesses said while they were testifying under oath; the exhibits that I allowed into evidence; any stipulations that the lawyers agreed to; and any facts I have judicially noticed.

Nothing else is evidence. The lawyers' statements and arguments are not evidence. Their questions and objections are not evidence. My legal rulings, comments, and questions are not evidence.

During the trial, I may not have let you hear the answers to some of the questions that the lawyers asked. Do not speculate about what a witness might have said. I may have ordered you to disregard things you saw or heard, or I struck things from the record. You must completely ignore all these things. Do not even think about them. These things are not evidence, and you are bound by your oath not to let them influence your decision in any way. Make your decision based only on the evidence, as I have defined it here, and nothing else.

You should use your common sense in weighing the evidence. Consider it in light of your everyday experience with people and events and give it whatever weight you believe it deserves. If your experience tells you that certain evidence reasonably leads to a conclusion, you are free to reach that conclusion.



G.S.

### C. Direct & Circumstantial Evidence

Now, some of you may have heard of the terms "direct evidence" and "circumstantial evidence." Let me explain what those mean.

Direct evidence is simply evidence like the testimony of an eyewitness, which, if you believe it, directly proves a fact. If a witness testified that he or she saw it raining outside, and you believed him or her, that would be direct evidence that it was raining.

Circumstantial evidence is simply a chain of circumstances that indirectly proves a fact. If someone walked into the courtroom wearing a raincoat covered with drops of water and carrying a wet umbrella, that would be circumstantial evidence from which you could conclude that it was raining.

It is your job to decide how much weight to give the direct and circumstantial evidence. The law makes no distinction between the weight that you should give to either one, and does not say that one is any better evidence than the other. You should consider all the evidence, both direct and circumstantial, and give it whatever weight you believe it deserves.

### D. Credibility of Witnesses

Another part of your job as jurors is to decide how credible or believable each witness was. This is your job, not mine. It is up to you to decide if a witness's testimony was believable, and how much weight you think it deserves. You are free to believe everything that a witness said, or only part of it, or none of it at all. But you should act reasonably and carefully in making these decisions.

Let me suggest some things for you to consider in evaluating each witness's testimony:

1. Ask yourself if the witness was able to clearly see or hear the events. Sometimes even an honest witness may not have been able to see or hear what was happening, and may make a mistake.



G.S.

2. Ask yourself how good the witness's memory seemed to be. Did the witness seem able to accurately remember what happened?

3. Ask yourself if there was anything else that may have interfered with the witness's ability to perceive or remember the events.

4. Ask yourself how the witness acted while testifying. Did the witness appear honest? Or did the witness appear to be lying?

5. Ask yourself if the witness had any relationship to the plaintiff or the defendant, or anything to gain or lose from the case that might influence the witness's testimony.

6. Ask yourself if the witness had any bias, or prejudice, or reason for testifying that might cause the witness to lie or to slant the testimony in favor of one side or the other.

7. Ask yourself if the witness testified inconsistently while on the witness stand, or if the witness said or did something (or failed to say or do something) at any other time that is inconsistent with what the witness said while testifying. If you believe that the witness was inconsistent, ask yourself if this makes the witness's testimony less believable. Sometimes it may; other times it may not. Consider whether the inconsistency was about something important, or about some unimportant detail.

8. And ask yourself how believable the witness's testimony was in light of all the other evidence. Was the witness's testimony supported or contradicted by other evidence that you found believable? If you believe that a witness's testimony was contradicted by other evidence, remember that people sometimes forget things, and that



G.S.

even two honest people who witness the same event may not describe it exactly the same way.

In determining the weight to give to the testimony of a witness, consider whether there was evidence that at some other time the witness said or did something, or failed to say or do something, that was different than the testimony given at the trial.

A simple mistake by a witness does not necessarily mean that the witness did not tell the truth as he or she remembers it. People may forget some things or remember other things inaccurately. If a witness made a misstatement, consider whether that misstatement was an intentional falsehood or simply an innocent mistake. The significance of that may depend on whether it has to do with an important fact or with only an unimportant detail.

These are only some of the things that you may consider in deciding how believable each witness was. You may also consider other things that you think shed some light on the witness's believability. Use your common sense and your everyday experience in dealing with other people. And then decide what testimony you believe, and how much weight you think it deserves.

One more important point about witnesses. Sometimes jurors wonder if the number of witnesses who testified makes any difference. Do not make any decisions based solely on the number of witnesses who testified. What is more important is how believable the witnesses were, and how much weight you think their testimony deserves. Concentrate on that, not the numbers.

**E. Opinion Testimony**

You have heard the testimony of Dr. John L. Snell, III, who testified as an opinion witness. You do not have to accept his or her opinions. In deciding how much weight to give the opinions, you should consider the witness's qualifications and how he or she reached his or her conclusions. Also consider the other factors discussed in these instructions for weighing the credibility of



G.S.

witnesses. Remember that you alone decide how much of a witness's testimony to believe, and how much weight it deserves.

### F. Lawyers' Objections

The lawyers for both sides objected to some of the things that were said or done during the trial. Do not hold that against either side. The lawyers have a duty to object whenever they think that something is not permitted by the rules of evidence. Those rules are designed to make sure that both sides receive a fair trial.

Do not interpret my rulings on their objections as any indication of how I think the case should be decided. My rulings were based on the rules of evidence, not on how I feel about the case. Remember that your decision must be based only on the evidence that you saw and heard here in court.



6.5.

**INSTRUCTION NO. 1**

Upon retiring to the jury room, you will select one of you to act as your foreperson. The foreperson will preside over your deliberations and will be your spokesperson here in Court.

A verdict form has been prepared for your convenience. You will take this form to the jury room and, when you have reached a verdict, you will fill out the verdict form as appropriate. You will then return with your verdict to the courtroom. All of you must unanimously agree upon a verdict.



G.S.

**INSTRUCTION NO. 2**
**Burden of Proof**

The plaintiff has the burden in a civil action, such as this, to prove every element of her claims by a preponderance of the evidence. If the plaintiff should fail to establish any element of her claims by a preponderance of the evidence, you should find for the defendant. When a party has the burden to prove any matter by a preponderance of the evidence, it means that you must be persuaded by the testimony and exhibits that the matter sought to be proved is more probably true than not true.

When I instruct you that a party has the burden of proof on any proposition, or use the expression "if you find," or "if you decide," means you must be persuaded, considering all the evidence in the case that the proposition is more probably true than not.

In determining whether any fact in issue has been proved by a preponderance of the evidence, unless otherwise instructed, you may consider the testimony of all witnesses, regardless of who may have called them, and all exhibits received in evidence, regardless of who may have produced them.



G.S.

**INSTRUCTION NO. 3**
**Introduction to Plaintiff's Claims**

Under the statute set forth at Title 42, Section 1983 of the United States Code, any person who, under color of law, deprives another of any rights, privileges, or immunities secured by the Constitution or laws of the United States shall be liable to the injured party.

Plaintiff Tamara Ernster claims that Defendant Mark Batson violated her Fourth Amendment rights while acting under color of state law as an employee of the City of Mt. Washington. Ms. Ernster also claims that Mr. Batson committed a battery under Kentucky law.

Mr. Batson denies violating Ms. Ernster's rights or committing any tort against her.



G.S.

**<u>INSTRUCTION NO. 4</u>**
**Elements of a Section 1983 Claim**

In order to prevail on her Section 1983 claim against Defendant Mark Batson, Plaintiff Tamara Ernster must prove each of the following elements by a preponderance of the evidence:

1. That Mr. Batson acted under color of law; and

2. That the acts by Mr. Batson deprived Ms. Ernster of a particular right under the Constitution of the United States as explained in Instruction No. 5.

You are instructed that Mr. Batson acted under color of law in this case. Therefore, you must only determine whether Ms. Ernster has proved all the additional elements he is required to prove against Mr. Batson under Instruction No. 5.



G.S.

**INSTRUCTION NO. 5**

**Fourth Amendment - Excessive Force Claim**

Plaintiff Tamara Ernster has the burden of proving that Defendant Mark Batson deprived her of particular rights under the United States Constitution.

Every person has a constitutional right not to be subjected to unreasonable or excessive force, even if the arrest is otherwise made in accordance with the law. A law enforcement officer has the right to use such force as is reasonably necessary under the circumstances to make a lawful detention.

In this case, Ms. Ernster claims that Mr. Batson violated her rights under the Fourth Amendment by using excessive force in effecting her detention. You must determine whether the amount of force used by Mr. Batson in effecting the detention of Ms. Ernster was that which a reasonable officer would have used in effecting a detention under similar circumstances. In making this determination, you should consider the amount of force used, the need for the application of force, and the relationship between that need and the amount of force used. You may also take into account such factors as whether Ms. Ernster posed an immediate threat to the safety of herself, Mr. Batson, or others, and whether Ms. Ernster actively resisted detention or attempted to evade detention by flight.

The nature of reasonableness must allow for the fact that police officers are often forced to make split-second judgments about the amount of force necessary in a particular situation. The reasonableness inquiry is an objective one and must be judged from the perspective of a reasonable officer on the scene rather than with hindsight. The question is whether Mr. Batson's actions were objectively reasonable in light of the facts and circumstances confronting him, without regard to his underlying intent or motivation.



G.S.

In order to prove that Mr. Batson deprived Ms. Ernster of her Fourth Amendment rights, Ms. Ernster must prove, by a preponderance of the evidence, each of the following:

1. That Mr. Batson violated Ms. Ernster's Fourth Amendment right not to be subjected to excessive force, because those acts were objectively unreasonable in light of the facts and circumstances at the time; and

2. That those acts were the legal cause of Ms. Ernster's damages.

If you decide that Ms. Ernster has proved each of these elements by a preponderance of the evidence, you must render a verdict in her favor. If you decide that Ms. Ernster has not proved each of these elements by a preponderance of the evidence, you must render a verdict in favor of Mr. Batson.



G.S.

**INSTRUCTION NO. 6**
**Battery Claim – Kentucky Law**

Plaintiff Tamara Ernster also claims that Defendant Mark Batson committed battery upon her in violation of Kentucky law. Battery is the intentional and unlawful touching of another person. However, a law enforcement officer may use the force reasonably necessary under the circumstances to detain a person for that person's safety or the safety of others present, even if the person is not under arrest.

In order to prove that Mr. Batson committed battery, Ms. Ernster must prove, by a preponderance of the evidence, that he used more force than was reasonably necessary, or so appeared to him in the exercise of reasonable judgment, in order to detain Ms. Ernster for her own safety or the safety of others present.

If you find that Ms. Ernster has proved this claim by a preponderance of the evidence, then you must decide for her. If on the other hand, you find that Ms. Ernster has failed to prove this claim by a preponderance of the evidence, then you must decide for Mr. Batson.



G.S.

**INSTRUCTION NO. 7**
**Damages Generally**

Plaintiff Tamara Ernster is requesting compensatory, nominal, and punitive damages from Defendant Mark Batson. If you find in favor of Ms. Ernster on one or both of the claims, then will you go on to consider the question of damages. If you find in favor of Mr. Batson on both of Ms. Ernster's claims, then you will not consider the question of damages.

You should not interpret the fact that I am giving instructions about damages as an indication in any way that Ms. Ernster should or should not win this case. It is your first task to determine if Mr. Batson is liable. I am instructing you on damages only so that you will have guidance in the event you decide that Mr. Batson is liable to Ms. Ernster and that Ms. Ernster is entitled to recover damages from Mr. Batson.



65

## INSTRUCTION NO. 8
**Compensatory Damages – Both Claims**

If you find in favor of Plaintiff Tamara Ernster, then you may award her such sum as you find will fairly and justly compensate her for any humiliation, pain, suffering, or mental anguish she suffered that were proximately caused by Defendant Mark Batson's allegedly wrongful conduct. Note that just because you are receiving an instruction as to damages does not mean that the Court is expressing any opinion as to whether or Mr. Batson should be held liable in this action.

Should you find that Ms. Ernster is entitled to compensatory damages, any award you give must be fair compensation—no more and no less. In awarding this measure of damages, no evidence of the monetary value of such intangible things as pain and suffering has been, or need be, introduced into evidence. There is no exact standard for fixing the compensation to be awarded for these elements of damage. Any award you make should be fair in light of the evidence presented at trial.

In determining the amount of any damages that you decide to award, you should be guided by common sense. You must use sound judgment in fixing an award of damages, drawing reasonable inferences from the facts in evidence. You may not award damages based on sympathy, speculation, or guesswork. On the other hand, the law does not require that Ms. Ernster prove the amount of her losses with mathematical precision, but only with as much definiteness and accuracy as circumstances permit.



GS

**INSTRUCTION NO. 9**
**Nominal Damages – Both Claims**

If you find in favor of Plaintiff Tamara Ernster under either or both Instruction No. 5 (excessive force) and Instruction No. 6 (battery), but she has failed to prove compensatory damages, then you must award nominal damages of $1.00.

A person whose federal rights were violated is entitled to a recognition of that violation, even if she suffered no actual injury. Similarly, a plaintiff who has proven a claim of battery may recover nominal damages even if she has suffered no actual injury. Nominal damages of $1.00 may be awarded even where no actual injury occurred.

However, if you find that Ms. Ernster has proved that she suffered actual injuries, you must award compensatory damages as described in Instruction No. 8, rather than nominal damages.



C.S.

**<u>INSTRUCTION NO. 10</u>**
**Punitive Damages – Excessive Force Claim**

If you find for Plaintiff Tamara Ernster and award her compensatory or nominal damages, and if you are further satisfied by a preponderance of the evidence that Defendant Mark Batson acted maliciously or wantonly in violating Ms. Ernster's rights under the United States Constitution, you may in your discretion award punitive damages against Mr. Batson in addition to the other damages.

"Punitive damages" are awarded against a defendant for the purpose of punishing the defendant for its misconduct, or to deter Mr. Batson and others like such defendant from committing such conduct in the future. You may only award punitive damages if you find that Mr. Batson acted maliciously or wantonly in violating Ms. Ernster's rights. A violation is "malicious" if it was prompted by ill will or spite toward Ms. Ernster.

A defendant acts maliciously when he consciously desires to violate rights of which he is aware, or when he consciously desires to injure the plaintiff in a manner he knows to be unlawful. A violation is "wanton" if the person committing the violation recklessly or callously disregards the plaintiff's rights. To award punitive damages, you must find, by a preponderance of the evidence, that Mr. Batson acted maliciously or wantonly in violating Ms. Ernster's rights. However, an award of punitive damages is discretionary; that is, if you find the legal requirements for punitive damages are satisfied, then you may decide to award punitive damages, or you may decide not to award punitive damages. Remember, before you can award punitive damages, you must find that Mr. Batson acted maliciously or wantonly in violating Ms. Ernster's rights.

Finally, should you choose to award punitive damages, the amount of the award should only be that amount which punishes Mr. Batson for harming Ms. Ernster. You may not consider any harm that may have been done to any other person who is not a party to this lawsuit.



G.S.

**INSTRUCTION NO. 11**
**Punitive Damages – Battery Claim**

If you find for Plaintiff Tamara Ernster and award her a sum or sums in damages under Instruction Nos. 8 or 9, and if you are further satisfied by clear and convincing evidence that Defendant Mark Batson acted toward Ms. Ernster with malice or gross negligence, you may in your discretion award punitive damages against Mr. Batson in addition to the damages awarded under Instruction Nos. 8 or 9.

"Clear and convincing" means that the evidence is substantially more persuasive than a preponderance of evidence, but not beyond a reasonable doubt.

"Malice" means conduct that was carried out by Mr. Batson with both flagrant indifference to Ms. Ernster's rights and a subjective awareness that such conduct would result in human death or bodily harm.

"Gross negligence" means a reckless disregard for the rights, lives, safety, or property of others.

"Punitive damages" are damages awarded against Mr. Batson for the purpose of punishing him for his misconduct in this case and deterring him and others from engaging in similar conduct in the future.

Whether you make an award of punitive damages, in addition to the compensatory damages previously awarded, is a matter exclusively within your discretion. If, however, you award punitive damages, in determining the amount thereof, you should consider the following factors:

(a) The likelihood at the time of such misconduct by Mr. Batson that serious harm would arise from it;

(b) The degree of Mr. Batson awareness of that likelihood; and

(c) The duration of the misconduct by Mr. Batson.



GS

If you award punitive damages, they must be fixed with calm discretion and sound reason, and must never be either awarded, or fixed in amount, because of any sympathy, or bias, or prejudice with respect to any party to the case.

If you award punitive damages, you will state the amount separately from the sum or sums awarded under Instruction Nos. 8 or 9.



G.S.

**INSTRUCTION NO. 12**
**Deliberations**

That concludes the part of my instructions explaining the rules for considering the evidence and claim in the case. Now let me finish up by explaining some things about your deliberations in the jury room and your possible verdicts.

The first thing you should do in the jury room is choose someone to be your foreperson. This person will help to guide your discussions and will speak for you here in court. Once you start deliberating, do not talk to the jury officer, or to me, or to anyone else except each other about the case.

If you have any questions or messages, you must write them down on a piece of paper, sign them, and then give them to the Court Security Officer. The Court Security Officer will give them to me, and I will respond as soon as I can. I may have to talk to the lawyers about what you have asked, so it may take me some time to get back to you. Any questions or messages should be sent to me through your foreperson. One more thing about messages. Do not ever write down or tell anyone, including me, how you stand on your votes. For example, do not write down or tell anyone that you are split 4-3, or 3-4, or whatever your vote happens to be. That should stay secret until you are finished.

**A. Experiments, Research, Investigation, and Outside Communications**

Remember that you must make your decision based only on the evidence that you saw and heard here in court. During your deliberations, you must not communicate with or provide any information to anyone by any means about this case.

You may not use any electronic device or media, such as a telephone, cell phone, smart phone, iPhone, or computer, the Internet, any Internet service, or any text or instant messaging service, any Internet chat room, blog, or website such as Facebook, LinkedIn, WhatsApp,



C. S.

Snapchat, YouTube, X (formerly known as Twitter), Tik Tok, or similar platform to communicate to anyone any information about this case or to conduct any research about this case until I accept your verdict. In other words, you cannot talk to anyone on the phone, correspond with anyone, or electronically communicate with anyone about this case. You can only discuss the case in the jury room with your fellow jurors during deliberations. I expect you will inform me as soon as you become aware of another juror's violation of these instructions.

You may not use these electronic means to investigate or communicate about the case because it is important that you decide this case based solely on the evidence presented in this courtroom. Information on the Internet or available through social media might be wrong, incomplete, or inaccurate. You are only permitted to discuss the case with your fellow jurors during deliberations because they have seen and heard the same evidence you have. In our judicial system, it is important that you are not influenced by anything or anyone outside of this courtroom. Otherwise, your decision may be based on information known only by you and not your fellow jurors or the parties in the case. This would unfairly and adversely impact the judicial process. A juror who violates these restrictions jeopardizes the fairness of these proceedings, and a mistrial could result, which would require the entire trial process to start over.

**B. Unanimous Verdict**

Your verdict or answer to any question must be unanimous. That is, all members of the jury must agree on any answer to the question and the verdict.

**C. Duty to Deliberate**

Now that all the evidence is in and the arguments are completed, you are free to talk about the case in the jury room. In fact, it is your duty to talk with each other about the evidence, and to make every reasonable effort you can to reach unanimous agreement. Talk with each other, listen carefully and respectfully to each other's views, and keep an open mind as you listen to what your



G. S.

fellow jurors have to say. Try your best to work out your differences. Do not hesitate to change your mind if you are convinced that other jurors are right and that your original position was wrong.

But do not ever change your mind just because other jurors see things differently, or just to get the case over with. In the end, your vote must be exactly that—your own vote. It is important for you to reach unanimous agreement, but only if you can do so honestly and in good conscience.

No one will be allowed to hear your discussions in the jury room, and no record will be made of what you say. So, you should all feel free to speak your minds. Listen carefully to what the other jurors have to say and then decide for yourself.

**D. Juror Notes**

Remember that if you elected to take notes during the trial, your notes should be used only as memory aids. You should not give your notes greater weight than your independent recollection of the evidence. You should rely upon your own independent recollection of the evidence or lack of any evidence, and you should not be unduly influenced by the notes of other jurors. Notes are not entitled to any more weight than the memory or impression of each juror. Whether you took notes or not, each of you must form and express your own opinion as to the facts of the case.



G.S.